# EXHIBIT A

| | |
|---|---|
| Court's Address and Phone Number:<br>Camden           Special Civil Part<br>101 South Fifth Street<br>Camden, NJ, 08103<br><br>Telephone No.   (856) 379-2200 | RECEIVED  Superior Court of New Jersey<br>Law Division, Special Civil Part<br>2016 FEB 19  AM 10: 24  Camden           County<br>Docket No: DC -001439-16<br>CIVIL DIVISION<br>MAILROOM<br>**Civil Action**<br>**SUMMONS**<br>Check one  ☐ Contract  ☐ Tort |

## YOU ARE BEING SUED!

| Person or Business Suing You (*Plaintiff*) | Person or Business Being Sued (*Defendant*) |
|---|---|
| Kissie Stafford | Quality Asset Recovery<br>7 Foster Ave, Suite 101<br>Gibbsboro, NJ, 08026 |

( ) Cash  (✓) Check
( ) Money Order
Fee Paid & Entered
FEB 19 2016
# 1880
Amount $ 82
Batch # 763

(See the following page(s) for additional plaintiffs)

**Plaintiff's Attorney Information**

Yaakov Saks-RC Law Group PLLC
285 Passaic Street
Hackensack, NJ, 07601

(See the following page(s) for additional defendants)

The Person or Business Suing You Claims You Owe the Following:

| | |
|---|---:|
| Demand Amount | $ 10,000.00 |
| Filing Fee | $ 75.00 |
| Service Fee | $ 7.00 |
| Attorney's Fees | $ |
| **TOTAL** | **$ 10,082.00** |

**FOR JUDICIARY USE ONLY**

In the attached complaint, the person or business suing you briefly tells the court his or her version of the facts of the case and how much money he or she claims you owe. If you do not answer the complaint, you may lose the case automatically and the court may give the plaintiff what the plaintiff is asking for, plus interest and court costs. You have 35 days from the date of service to file your answer or a signed agreement. If a judgment is entered against you, a Special Civil Part Officer may seize your money, wages or personal property to pay all or part of the judgment. The judgment is valid for 20 years.

IF YOU DISAGREE WITH THE PLAINTIFF'S CLAIMS, A WRITTEN ANSWER OR SIGNED AGREEMENT MUST BE RECEIVED BY THE COURT ABOVE, ON OR BEFORE  04/04/2016 , OR THE COURT MAY RULE AGAINST YOU. IF YOU DISAGREE WITH THE PLAINTIFF, YOU MUST DO ONE OR BOTH OF THE FOLLOWING:

1. *Answer the complaint.* An answer form that will explain how to respond to the complaint is available at any of the New Jersey Special Civil Part Clerk's Offices or on the Judiciary's Internet site www.njcourts.com under the section for Forms. If you decide to file an answer to the complaint made against you:
   - Fill out the Answer form AND pay the applicable filing fee by check or money order payable to: *Treasurer, State of New Jersey*. Include DC -001439-16  (your Docket Number) on the check.
   - Mail or hand deliver the completed Answer form and the check or money order to the court's address listed above.
   - Hand deliver or send by regular mail a copy of the completed Answer form to the plaintiff's attorney. If the plaintiff does not have an attorney, send your completed answer form to the plaintiff by regular and certified mail. This MUST be done at the same time you file your Answer with the court on or before 04/04/2016 .

2. *Resolve the dispute.* Contact the plaintiff's attorney, or contact the plaintiff if the plaintiff does not have an attorney, to resolve this dispute. The plaintiff may agree to accept payment arrangements. If you reach an agreement, mail or hand deliver the SIGNED agreement to the court's address listed above on or before 04/04/2016 .

Please Note - You may wish to get an attorney to represent you. If you cannot afford to pay for an attorney, free legal advice may be available by contacting Legal Services at 856-964-2010 . If you can afford to pay an attorney but do not know one, you may call the Lawyer Referral Services of your local County Bar Association at 856-482-0618 . Notify the court now if you need an interpreter or an accommodation for a disability for any future court appearance.

/s/ Name  Nalo Brown
Acting Deputy Clerk of the Superior Court



| Court's Address and Phone Number: | Superior Court of New Jersey |
|---|---|
| Camden         Special Civil Part | Law Division, Special Civil Part |
| 101 South Fifth Street | Camden         County |
| Camden, NJ, 08103 | Docket No: DC: **-001439-16** |
| | Civil Action |
| (856) 379-2200 | SUMMONS |
| | Check one   ☐ Contract   ☐ Tort |

| Additional Plaintiffs/demandantes adicionales | Additional Defendants/demandados adicionales |
|---|---|
| | |



## SUPERIOR COURT OF NEW JERSEY
## LAW DIVISION SPECIAL CIVIL PART
## CAMDEN COUNTY

-------------------------------------------------------x

Kissie Stafford

                    Plaintiff,

-v.-

Quality Asset Recovery

                    Defendant.

-------------------------------------------------------x

Docket No: DC-001439-16

**COMPLAINT**

Plaintiff Kissie Stafford ("Plaintiff" or "Stafford") by and through her attorneys, RC Law Group, PLLC, as and for its Complaint against Defendant Quality Asset Recovery ("Defendant" or "QAR") respectfully sets forth, complains and alleges, upon information and belief, the following:

### INTRODUCTION/PRELIMINARY STATEMENT

1. Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of section 1692 et. seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

### PARTIES

2. Plaintiff is a resident of the State of New Jersey, County of Mercer.

3. Defendant is a debt collector with an address in Camden County, at 7 Foster Ave., Suite 101, Gibbsboro, NJ 08026.

4. Quality Asset Recovery is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA.

## JURSIDICTION AND VENUE

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. § 1692 et. seq. and 28 U.S.C. § 2201. If applicable, the Court also has pendant jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in this judicial district pursuant under N.J.S.A. 6:1-3(a), because the acts and transactions occurred here, and Defendants transact business here.

## FACTUAL ALLEGATIONS

7. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

8. On information and belief, on a date better known to Defendant, Defendant began collection activities on an alleged consumer debt from the Plaintiff ("Alleged Debt").

9. This debt was incurred as a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10. The reporting of a debt to a credit reporting agency by a debt collector is a communication covered by the FDCPA.



11. Defendant reported the Alleged Debt on the Plaintiff's credit report.

12. Plaintiff disputed the Alleged Debt directly with the Defendant with a dispute letter on October 15, 2015.

13. Plaintiff examined her credit report again on December 8, 2015 and found that Defendant had not removed the credit account nor marked it as "disputed by consumer" despite being required to do so by the FDCPA.

14. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## FIRST CAUSE OF ACTION
### (Violations of the FDCPA)

15. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

16. Defendant's debt collection efforts attempted and/or directed towards Plaintiff violate various provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e(2), 1692e(5), 1692e(8), and 1692f.

17. As a result of the Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Kissie Stafford demands judgment from the Defendant Quality Asset Recovery, as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1692k(a)1);

b) For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1692k(a)(3);

d) A declaration that the Defendants practices violated the FDCPA; and

e) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated: Hackensack, New Jersey
February 10, 2016

RC Law Group, PLLC
By: Yaakov Saks, Esq.
285 Passaic Street
Hackensack, NJ 07601
Phone: 201.282.6500 ext. 201
Fax: 201.282.6501



## Rule 4:51-1 Certification

The undersigned attorney for the plaintiff certifies that the matter in controversy is not the subject of any other action pending in any Court or a pending arbitration proceeding, nor is any other action or arbitration proceeding contemplated. I certify that confidential person identifies have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7b.

**Certification**

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Date: 2/10/2016          Signature: _____
                                    Yaakov Saks, Esq.